**GRANITE FALLS STATE BANK, a Washington Banking Corporation, Plaintiff,**

v.

**William E. SCHNEIDER, Director of the Department of General Administration of the State of Washington, Frank Cooper, Supervisor of Banking of the State of Washington, and all other Boards, Officials and other bodies or persons authorized or delegated by the State of Washington to enforce its banking laws, Defendants.**

**Civ. A. No. 8185.**

United States District Court,
W. D. Washington,
Seattle Division.

Nov. 4, 1970.

Robert C. Bibb, Bibb & Bailey, Arlington, Wash., for plaintiff.

Slade Gorton, Atty. Gen., Arthur W. Verharen, Asst. Atty. Gen., Olympia, Wash., for defendants.

Before KOELSCH, Circuit Judge, and LINDBERG and BEEKS, District Judges.

PER CURIAM.

Plaintiff, a state bank incorporated under the laws of the State of Washington, seeks to have declared unconstitutional a Washington State statute requiring banks that are not members of the Federal Reserve System to maintain certain minimum banking reserves. Further relief is sought in the form of a permanent injunction restraining the responsible state officials, defendants herein, from enforcing said statute against plaintiff.

The statutory section in question, RCW 30.04.090 (1969), requires in pertinent part that every state bank, not a member of the Federal Reserve System, maintain available funds of not less than fifteen percent of its demand deposits.[1]

---

1. RCW 30.04.090 provides:

*Minimum available funds required—Exception—Change of nature and amount of reserves.* Every bank and trust company shall maintain available funds of not less than six percent of its savings account and time account deposits and not less than fifteen percent of all of its other deposits; * * * This section shall not apply to a corporation which

This percentage, however, may be adjusted by the state supervisor of banking whenever he determines that the maintenance of sound banking practices or the prevention of injurious credit expansions or contractions make such action advisable. It is this power to alter the amount of the reserve that is challenged as being unconstitutional. In particular, plaintiff contends that by altering the reserve requirements the State of Washington is "coining money and regulating the value thereof" in violation of Article I, section 8 of the Constitution,[2] and is further coining money, emitting bills of credit, and making monetary units, other than gold and silver, a tender in payment of debts, in violation of Article I, section 10 of the Constitution.[3]

Defendants not only deny plaintiff's contentions, but challenge its right to assert them, contending that plaintiff lacks standing to maintain this action. We agree.

While standing remains an extremely amorphous concept riddled with ambiguities and uncertainties,[4] one point is clear; a party challenging the constitutionality of a statute must establish that he has sustained or is in immediate danger of sustaining a direct injury due to the enforcement of that statute. See Association of Data Processing Service Org., Inc. v. Camp, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184, 187 (1970); Flast v. Cohen, 392 U.S. 83, 99, 101, 106, 88 S.Ct. 1942, 20 L.Ed.2d 947, 961–962, 965 (1968); Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078, 1085 (1923); Horne v. Federal Reserve Bank, 344 F.2d 725, 728 (8th Cir. 1965).

At all times relevant hereto, plaintiff has had demand deposits that average in the range of $559,000.[5] On the basis of such deposits, state law requires that $86,000 be maintained on reserve. Plaintiff, however, maintains $286,000 on reserve, some $200,000 more than is required. It appears, therefore, that plaintiff has not suffered a present injury because of the state reserve requirement, and there is no evidence that future damage might be incurred. Indeed, any such damage is at best indefinite and speculative.[6]

Accordingly, this action is dismissed.

is a member of the federal reserve banking system and duly complies with all of the reserve and other requirements of that system.

Notwithstanding the provisions above, whenever he determines that the maintenance of sound banking practices or the prevention of injurious credit expansions or contractions make such action advisable, the supervisor by regulation, may change, from time to time. the nature and amount of reserves required to be maintained by commercial banks doing business in this state which are not members of a federal reserve bank. The reserves so specified shall not be more than those provided in this section, nor less than those required, at the time, of commercial banks doing business in this state which are members of a federal reserve bank.

2. U.S.Const. art. I, § 8 provides that Congress shall have the power "[t]o coin money, [and] regulate the value thereof. * * *"

3. U.S.Const. art. I, § 10 provides that no state shall "* * * coin money; emit bills of credit; [or] make any thing but gold and silver coin a tender in payment of debts. * * *"

4. Flast v. Cohen. 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947, 961 (1968).

5. The parties have stipulated to this fact and there is no proof as to the minimum or maximum amounts maintained.

6. During oral argument and in response to a panel member query, counsel for plaintiff stated that even if there was no state reserve requirement plaintiff would maintain reserves, the amount of which would depend upon economic and monetary conditions then existing.